Reyes Alvarez v. Barr

BIA
A088 186 365

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand twenty.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> PIERRE N. LEVAL,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

_____

MARCO ANTONIO REYES ALVAREZ,
> *Petitioner,*

v.

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

17-3778 (L),
18-269 (Con)
NAC

_____

FOR PETITIONER: Erin O'Neil-Baker, Esq. Hartford, CT.

FOR RESPONDENT: Joseph H. Hunt, Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Nehal H.

Kamani, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Marco Antonio Reyes Alvarez, a native and citizen of Ecuador, seeks review of two BIA decisions: an August 7, 2017 decision denying a stay of removal, and a January 8, 2018 decision denying his motion to reopen. *In re Marco Antonio Reyes Alvarez*, No. A 088 186 365 (B.I.A. Aug. 7, 2017); *In re Marco Antonio Reyes Alvarez*, No. A 088 186 365 (B.I.A. Jan. 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the agency's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner."

2

*Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

An alien seeking to reopen proceedings may file only one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Reyes Alvarez's August 2017 motion was untimely because he filed it approximately seven years after the BIA dismissed his appeal in May 2010. However, the time limitation does not apply if reopening is sought to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Further, to obtain reopening, "the movant must . . . establish *prima facie* eligibility for asylum, *i.e.*, a realistic chance that he will be able to establish eligibility." *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (internal quotation marks omitted); *see also Jian Hui Shao*, 546 F.3d at 168. The agency did not abuse its discretion when it denied reopening because Reyes Alvarez did not demonstrate that the police are unable or

3

unwilling to control the man he fears in Ecuador, which precludes him from establishing prima facie eligibility for relief.

To be eligible for asylum, an applicant must demonstrate that he has been persecuted or fears persecution by the government of a country or by persons or an organization that the government is unable or unwilling to control. *See* 8 U.S.C. § 1101(a)(42); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 342 (2d Cir. 2006); *Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir. 2006) ("[P]ersecution can certainly be found when the government, although not itself conducting the persecution, is unable or unwilling to control it[.]"); *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985). The agency determined that Reyes Alvarez "has not shown that the government of Ecuador would be unable or unwilling to protect him from the individual who killed his wife's relative, especially as that individual was successfully prosecuted and imprisoned for murder."

Reyes Alvarez failed to challenge this dispositive finding in his brief and has thus waived review of the issue. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (petitioner abandons issues and claims not raised in his brief); *see also INS v. Abudu*, 485 U.S. 94,

4

104-05 (1988) (agency may deny an untimely motion to reopen for failure to demonstrate materially changed country conditions *or* prima facie eligibility for the underlying substantive relief sought).

Waiver aside, the record supports the agency's conclusion as to whether the government could and would be able to protect Reyes Alvarez. The man Reyes Alvarez and his family fear, Rodrigo Loza, was arrested and prosecuted for murdering Reyes Alvarez's brother-in-law in 2004; this indicates the Ecuadorian police are willing to investigate crimes and enforce laws. Reyes Alvarez claims in his affidavit that the police will not arrest Loza for the more recent threats against his family, and that the police told his niece Gladys "that there was nothing to be done to protect her and that they could only act if [Loza] actually harmed her or her family members." But Gladys, who experienced these alleged threats firsthand, did not mention any of this in her affidavit.

Reyes Alvarez also submitted the 2015 State Department Human Rights Report for Ecuador and the 2017 State Department Crime and Safety Report for Ecuador to support his claim, but those reports contain only generalized accounts of police corruption, high crime rates, and police ineffectiveness,

5

which, without more, do not demonstrate that the police would be unable or unwilling to protect Reyes Alvarez. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a claim). Further, the 2015 State Department report indicates that "[t]he law provides penalties for physical violence, psychological violence, and sexual violence" against women, and while investigations could be delayed and not many accused perpetrators are ultimately sentenced, "there were 30 judicial units with 82 judges specialized in domestic violence problems."

Accordingly, because the record does not demonstrate that the police would be unable or unwilling to protect Reyes Alvarez, the agency did not abuse its discretion in denying reopening. *See Jian Hui Shao*, 546 F.3d at 168–69; *Abudu*, 485 U.S. 94, 104–05. This finding is dispositive of all of Reyes Alvarez's claims because his failure to meet the burden for asylum necessarily means that he was unable to meet the higher likelihood of harm required for withholding and CAT. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010). Given the dispositive nature of the BIA's finding of the Ecuadorian's government's ability to protect Reyes Alvarez,

6

we need not address the BIA's alternative findings as to changed country conditions and whether his familial particular social group is cognizable. *See* *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Because the agency properly denied Reyes Alvarez's motion to reopen, his lead petition for review concerning the BIA's denial of his stay motion is now moot.

For the foregoing reasons, the consolidated petition for review challenging the denial of the motion to reopen (17-3778) is DENIED, and the lead petition for review challenging the denial of a stay (18-269) is DENIED as moot. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7